## MYERS *vs.* WHITE.

*Sixth Judicial District Court, July,* 1857.

### NEW TRIAL—ERRONEOUS VERDICT.

The Court has the power to set aside the verdict of a jury, in part, for good cause shown, and order a new trial upon that part alone which has been set aside.

When this is done the verdict will stand good in every other respect, except the part set aside.

The facts are set forth in the opinion.

*Clark & Gass,* for plaintiff.

*McKune, Johnson & Ankeny,* for defendant.

MONSON, J., This is an action to recover the possession of personal property. Upon the trial of the case the jury found in favor of plaintiff, and assessed the value of the property at $199. Plaintiff is dissatisfied with the value of the property as assessed by the jury, and asks that so far the verdict may be opened or set aside, and the question relative to the value of the property be re-tried. In assessing the value of the property the jury wholly disregarded the evidence in the case, and did manifest injustice to the plaintiff. The evidence showed that the property was worth from four or five to twelve or fourteen hundred dollars; the very lowest value fixed by the witnesses was four or five hundred dollars, yet the jury assessed it at $199, placing the value under two hundred dollars, for the purpose, I presume, of compelling the plaintiff to pay his own costs.

My experience upon the bench has tended, in a very great measure, to impair my respect for jury trials. In too many instances the evidence in the case, and the instructions given by the court, are entirely disregarded by the jurors; when they are sworn, they promise to heed and obey them; but the promise is soon forgotten, and they permit their sympathies and prejudices to govern and control them in making up their verdict. If the plaintiff in this case was entitled to a verdict, (and that he was, the evidence clearly established,) he was also enti-

tled to have the property justly valued and assessed. This the jury failed to do. The right of plaintiff to the property was fully and fairly tried. Under these circumstances what course should the Court pursue ? Set aside the whole verdict and subject the plaintiff to the trouble and expense of trying the whole case again upon its merits, or merely open it so far as to permit the value of the property to be again submitted to a jury ?

In the case of Winn *vs.* Columbian Insurance Company, 12 Pickering, p. 287, the Court say : " When there has been a full and fair trial upon the merits, and a verdict to which no valid exception can be shown, we think it would not be consistent with the plain principles of justice to set it wholly aside, and throw the whole open again on account of the mistake or misapprehension of counsel. *There are many so situated that it would be highly proper to grant a new trial as to a particular point,* or for the purpose of correcting a particular error or mistake." Hutchinson *vs.* Piper, 4 Taunt., p. 555. This is analagous to the case of judgments, awards, and other legal proceedings, good in part and bad in part, where the court will, if the position of the cause will admit of it, preserve that which is good and correct that only which is erroneous. Again in the case of Boyd *vs.* Brown, 17 Pickering, p. 453, it was held that where the damages assessed by the jury are excessive, a new trial may be granted in order to determine the amount of damages, without opening the whole case. The Court say : " We think the damages are excessive, but this we do not consider a sufficient reason for setting aside the verdict and granting a new trial so as to open the whole merits of the case to future litigation, which have been once fairly tried, especially as the verdict may be set aside in part, and a new trial granted with respect to the assessment of damages cnly, and thus the only error existing may be corrected without the expense of a new trial upon the merits."

The ruling of the Supreme Court of Massachusetts in the two cases cited, appears to be approved by Chief Justice Oakley, of the Superior Court of New York. 3 Sandford's Rep., p. 19.

In this case it is ordered that the question relative to the value of the property be re-submitted to a jury, and so far, and no farther, the present verdict is set aside.